# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMAINE LEMARR WOODS, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 20-050-RAW-SPS |
| GRADY COUNTY, OKLAHOMA and JUDGE KORY KIRKLAND, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Jackie Brannon Correctional Center in McAlester, Oklahoma. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations concerning his criminal charges (Dkt. 1). The defendants are Grady County, Oklahoma, and Grady County District Judge Kory Kirkland.

Plaintiff sets forth the following facts in support of his claim:

> I filed for Judicial Review or Alternative Motion Nov. 4th 2019 Due to my cases being down graded to mistormenors [sic] Due to a New Law that went into Effect Nov. 1, 2019 effectively making all charges against me mistormenors [sic] punishable by 1 year county Time Judge refuses to Review my cases, or adjust sentences to fit New laws.

*Id*. at 5. He is asking this Court to determine whether review is warranted. *Id*. at 7.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b);

28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Habeas Corpus Claims**

Although Plaintiff has filed a civil rights complaint, he actually is requesting relief

2

that concerns his sentence. Such claims should be presented in a petition for a writ of habeas corpus. Because the relief Plaintiff seeks is not available in a civil rights complaint under 42 U.S.C. § 1983, this action must be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

**ACCORDINGLY,** this action is DISMISSED for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED** this 21st day of February 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma